UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dale Maisano, | ) C/A No. 9:16-1878-JFA-BM |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Sir Roy Gardner, *Chairman*; Chief Executive Richard Cousins, *Compuss Group*; Trinity Correctional Food Service; Dr. Karen Barcklay-Dodwa, *Medical Director*; Trinity Service Group; Charles Ryan, *A.D.O.C. Director*; Catherine Boyes, *R.N.*; Corizon Health Services, Inc., Lorie Johnson, *F.H.A.*; NFN Maze, *H.C.P.*; D.W. Jacobson, Warden Hacher-Agnew; Arizona, State of; Jim Lone, *CEO Trinity Service Group*; Doug Ducey, *Arizona Gov.*; Becken, Petty & O'Keef Co.; America Service Group Valitas Corizon, | ) |
| Defendants. | ) |

The Plaintiff, Dale Maisano, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. He is an inmate at the Arizona State Prison Complex-Yuma in San Louis, Arizona, part of the Arizona Department of Corrections (ADOC). No filing fee has been paid by Plaintiff and he has not filed a motion to proceed in forma pauperis. In his rambling and voluminous complaint, Plaintiff appears to complain about the food he is served and the medical care he receives. See Complaint, ECF No. 1. Plaintiff also provided numerous "declarations" which are dated well before the filing of this action, appear to be unrelated to this case, and discuss a number of issues not raised in his Complaint. See ECF No. 1-1, 1-2, and 1-3.

Plaintiff is a prolific filer of pro se litigation. See, e.g., Maisano v. Corizon Health, Inc., No. CV 15–0646–PHX–SMM (MHB), 2015 WL 1888243, at *1 (D.Ariz. Apr. 15, 2015)[noting



that Maisano "has abused the legal process egregiously and often"]; Maisano v. Wexford Med. Servs., No. 12-1705, 2012 WL 6055277, at *1 (W.D.Pa. Dec. 5, 2012)[noting that Maisano has filed so many pro se prison lawsuits that he has been described as "the classic abusive prisoner litigant"], adopted January 7, 2013, appeal dismissed, No. 13-1211 (3d Cir. May 31, 2013). In 1992, the United States District Court for the District of Arizona issued an order and restraining order (Restraining Order) enjoining Plaintiff from filing any civil action in any other federal court without first obtaining leave of the court by filing an affidavit certifying that the claim(s) presented are new and have never been raised or disposed of on the merits by any federal court, certifying that to the best of his knowledge the claim(s) presented are not frivolous or taken in bad faith, captioning any motion for leave to file as an "Application Pursuant to Court Order Seeking Leave to File," and affixing a copy of the Restraining Order to any motion for leave to file. The Restraining Order further provides that failure to comply strictly with the terms of the order shall be sufficient grounds to deny leave to file. See Maisano v. Lewis, No. 92-1026-PHX-SMM (MS) (D.Ariz.)[Restraining Order];[1] see also Maisano v. Marcopa County, No. 14-1364-PHX-SMM (MHB), 2014 WL 4386574, at *1 (D. Ariz. Sept. 5, 2014)[describing the terms of the 1992 Restraining Order].

---

[1] "The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient." Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). The Court may also take judicial notice of factual information located in postings on government web sites. See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869 at * 2 (E.D.La. September 8, 2008)[noting that courts may take judicial notice of governmental websites including other courts' records]; Williams v. Long, 585 F.Supp.2d 679, 687–88 (D.Md. 2008)[noting that some courts have found postings on government web sites as inherently authentic or self-authenticating].

2

Based on the number and nature of Plaintiff's filings after the Restraining Order was issued, the District Court for the District of Arizona issued an Order to Show Cause as to why an injunction should not be imposed, allowed Plaintiff to respond, and thereafter issued an injunction order (Injunction Order) on February 20, 2014. The Injunction Order enjoins Plaintiff from filing or lodging more than one in forma pauperis lawsuit per month; reiterates that Plaintiff must comply with the requirements of the Restraining Order; requires him to affix to his application a copy of the Restraining Order, Injunction Order, and Order to Show Cause; and requires him to list all cases previously filed involving similar or related causes of action. Because Plaintiff has "three strikes" under 28 U.S.C. § 1915,[2] the Injunction Order also requires Plaintiff, in any in forma pauperis lawsuit he files, to clearly, coherently, and credibly allege that he is under imminent danger of serious physical injury. The Injunction Order provides that the District Court for the District of Arizona will refuse any transfers from other district courts of cases pursuant to 28 U.S.C. § 1406(a). See Maisano v. Clark, No. CV 14-0001-TUC-RCC (D. Ariz. 2014)[Injunction Order]; see also Maisano v. Marcopa County, 2014 WL 4386574, at *1 (D.Ariz.)[discussing the requirements of the 2014 Injunction Order].

Plaintiff filed the present action without first obtaining leave of the court as required by the 1992 Restraining Order and the 2014 Injunction Order. Plaintiff failed to file the required

---

[2]Although a court may authorize the commencement of a lawsuit without prepayment of fees pursuant to 28 U.S.C. § 1915, the statute provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).



3

affidavit, certification, and motion to proceed in forma pauperis; failed to attach copies of the Injunction Order, the Order to Show Cause, and the Restraining Order to his "Application Pursuant to Court order Seeking Leave to File"; and failed to clearly, coherently, and credibly allege that he is under imminent danger of serious physical injury. Both the Restraining Order and the Injunction Order provide that Plaintiff's failure to comply strictly with the requirements outlined therein shall be sufficient ground to deny leave to file. Thus, based on Plaintiff's failure to comply, it is recommended that his Complaint be dismissed without prejudice.

Additionally, this action should be dismissed because venue is not proper in the District of South Carolina. Plaintiff fails to indicate why he believes venue is proper in the District of South Carolina other than his statement that he complained to "Trinity Staff" about not getting the correct food or not getting a drink, at which time they simply took his tray back. He then asserts "[t]hat's why we are here at U.S. Dist Ct. S.C., this is Hq for Trinity Compus etc." ECF No. 1 at 2. Instead, appropriate jurisdiction and venue for this action appears to be in the United States District Court for Arizona, where Plaintiff is incarcerated. Plaintiff's claims may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).



Although Plaintiff claims that "Trinity Compus" is headquartered in South Carolina (ECF No. 1 at 2) and lists a Spartanburg, South Carolina address for "Sir Roy Gardner (Chairman)" on the last page of his Complaint (ECF No. 1 at 44), he fails to provide addresses for the other Defendants or to otherwise indicate that they are South Carolina residents. However, it is clear that not all Defendants reside in South Carolina, as Plaintiff has named the Governor of Arizona, the ACOD Director, the warden of the prison where Plaintiff is incarcerated, the State of Arizona, and what appear to be healthcare workers at the prison, all apparently residents of Arizona (not South Carolina). Thus, venue is not proper in this district pursuant to 28 U.S.C. § 1391(a)(1). Plaintiff also has not alleged that a substantial part of the alleged incidents giving rise to his claims occurred in South Carolina, such that venue is not proper in this district under 28 U.S.C. § 1391(a)(2). Instead, as Plaintiff's claims concern incidents that allegedly occurred at his Arizona place of incarceration, the appropriate judicial district for this action is the District of Arizona, where "a substantial part of the events or omissions giving rise to the claim occurred." Finally, as Plaintiff's action may be brought in Arizona, 28 U.S.C. § 1391(a)(3) does not allow Plaintiff to file in the District of South Carolina.

If venue is improper, as it is here, the court "shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). As noted above, the Injunction Order provides that the District of Arizona will refuse any transfers pursuant to 28 U.S.C. § 1406(a) of cases filed by Plaintiff in other district courts. Thus, it is recommended that this action not be transferred and that it be dismissed without prejudice. If Plaintiff believes he can state a claim and comply with the requirements of the Injunction Order



and 28 U.S.C. § 1915(g), he should re-file his suit in the court where venue is proper (the District of Arizona).

### Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

August 11, 2016
Charleston, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



7