IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Dale Maisano,<br><br>        Plaintiff,<br><br>v.<br><br>Sir Roy Gradner, *Chairman*; Chief Executive Richard Cousins, *Compuss Group*; Trinity Correctional Food Service; Dr. Karen Barckla-Dodwa, *Medical Director*; Trinity Service Group; Charles Ryan, *A.D.O.C. Director*: Catherine Boyes, *R.N.*; Corizon Health Services, Inc., Lorie Johnson, *F.H.A.*; NFN Maze, *H.C.P.*: D.W. Jacobson, Warden Hacher-Agnew; Arizona, State of; Jim Lone, *CEO Trinity Service Group*; Doug Ducey, *Arizona Gov.*; Becken, Petty & O'Keef Co.; America Service Group Valita Corizon,<br><br>        Defendants. | C/A No. 9:16-1878-JFA<br><br><br>**ORDER** |

Dale Maisano ("Plaintiff") filed this *pro se* action pursuant to 42 U.S.C. § 1983. He appears to be contesting the conditions of his confinement within the Arizona State Prison Complex- Yuma, a part of the Arizona Department of Corrections. His specific complaints concern the food he is served and the medical care he receives while incarcerated.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss the Complaint in this case without prejudice and without issuance and service of process. (ECF No. 6). The Report sets

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

forth, in detail, the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on August 12, 2016. Plaintiff filed a response to the report on September 9, 2016, but failed to make any specific objections to the report. (ECF No. 8). Instead of making specific objections to the Report's findings, Plaintiff made vague incoherent statements and referenced a plethora of cases, along with nearly 100 pages of "Exhibits," that offer no support in challenging the findings of the Report. (ECF No. 8, 8-1). Plaintiff's only attempt to challenge the substantive findings of the Report, was a single citation to a Tennessee Supreme Court case that has no precedential value in the current proceedings. (ECF No. 8 p. 3)

Plaintiff cannot bypass his obligation to specifically object to the Magistrate's findings by merely citing to one case with no precedential value. In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **ADOPTS** the Report and Recommendation (ECF No. 6). Plaintiff's Complaint is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

September 20, 2016
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

2